IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MICHAEL DAVID,

    Plaintiff,

  v.

TIMOTHY FRANZ GEITHNER, et al.,

    Defendants.

No. C-12-3442 MMC

**ORDER DENYING PLAINTIFF'S REQUEST FOR DEFAULT JUDGMENT; DIRECTING PLAINTIFF TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED**

    Before the Court is plaintiff Michael David's ("David") complaint, titled "Libel of Review," filed July 2, 2012.[1] Also before the Court is David's filing of August 3, 2012, titled "Default Judgment," by which David requests entry of default judgment against defendant Timothy Franz Geithner, the Secretary of the Treasury ("Secretary Geithner"). Having read and considered the above-referenced filings, the Court rules as follows.

    David's request for default judgment is hereby DENIED. First, David has failed to show he served the summons and complaint upon Secretary Geithner in conformity with the requirements set forth in the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 4(i) (setting forth requirements for serving officer of United States). Second, even assuming leaving a copy of the summons with a "mail clerk" in Secretary Geithner's office on July 6, 2012 constituted sufficient service of process under Rule 4(i) (see Pl.'s Proof of Service,

---

[1] The matter was reassigned to the undersigned on July 23, 2012.

filed August 3, 2012), Secretary Geither would not be required to file a response to the complaint until sixty days after July 6, 2012, <u>see</u> Fed. R. Civ. P. 12(a)(2). Third, and finally, entry of default judgment against an officer of the United States may be entered "only if the claimant establishes a claim or right to relief by evidence that satisfies the court," <u>see</u> Fed. R. Civ. P. 55(d), and, here, David has offered no such evidence.

Moreover, the Court having reviewed the complaint, it appears David has failed to state any cognizable claim against Secretary Geithner. In his complaint, David seeks a finding that the Internal Revenue Service lacks the power to collect taxes it asserts David owes. However, "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed." <u>See</u> 26 U.S.C. § 7421(a).[2]

Accordingly, David is hereby ORDERED TO SHOW CAUSE, in writing and no later than August 31, 2012, why the instant complaint should not be dismissed. <u>See</u> <u>Wong v. Bell</u>, 642 F.2d 359, 361-62 (9th Cir. 1981) (holding district court may dismiss complaint "on its own initiative" after giving plaintiff opportunity to respond).

**IT IS SO ORDERED.**

Dated: August 9, 2012

MAXINE M. CHESNEY
United States District Judge

---

[2] Although statutory exceptions exist, <u>see id.</u>, no such exception appears to apply to claims made in David's complaint. <u>See</u>, e.g., 26 U.S.C. § 6331(i) (providing for right to file action for "recovery" of specified type of tax "which was paid" by the plaintiff).

2